# A. G. OTTO v. DULUTH STREET RAILWAY COMPANY.[1]

November 16, 1917.

No. 20,528.

**Workmen's Compensation Act — plaintiff's remedy not under the statute.**

1. Defendant and plaintiff's employer were both under the Workmen's Compensation Act, when plaintiff suffered the injuries sued for, through the alleged negligence of defendant. Defendant's defense, that plaintiff's sole remedy is compensation under the act, was rightly *held* not made out; for it conclusively appeared that the accident, causing the injury, did not take place during the hours of plaintiff's service, nor upon the premises where the services were being performed or where his service required his presence at the time of the injury.

**Contributory negligence.**

2. The defense of contributory negligence was for the jury.

**Street railway — care in operation of cars — charge to jury.**

3. In view of the specific charge that plaintiff was bound to use his senses to avoid collisions when crossing street car tracks, it cannot be said to be prejudicial error to instruct the jury that plaintiff had a right to rely upon defendant not operating its car negligently; for it was immediately followed by the statement that those operating the street cars had a right to assume that persons about to cross the car tracks would exercise ordinary care for their own safety.

**Reduced verdict sustained.**

4. The verdict as reduced, though seemingly large, should not be disturbed by this court.

Action in the district court for St. Louis county to recover $18,000 for injuries received in collision between the automobile in which plaintiff was riding and one of defendant's street cars. The case was tried before Cant, J., and a jury which returned a verdict for $6,000. From an order denying its motion for judgment notwithstanding the verdict and

1Reported in 164 N. W. 1020.

granting a new trial unless plaintiff consented to a reduction of the verdict to $4,500, defendant appealed. Affirmed.

*Thomas S. Wood* and *G. A. E. Finlayson,* for appellant.

*Jones & Forbes* and *A. G. McKnight,* for respondent.

HOLT, J.

Plaintiff recovered a verdict of $6,000 for personal injuries received when a street car, operated by defendant in the city of Duluth, collided with an automobile driven by him. A blended motion for judgment notwithstanding the verdict or a new trial was denied, on condition that plaintiff consent to a reduction of the verdict to $4,500. The consent was given. Defendant appeals.

1. The main contention of defendant here is, that the evidence conclusively established that plaintiff's only remedy for the injuries sustained was a proceeding against his employer under the Workmen's Compensation Act. The trial court entertained the opposite view, and held that the evidence was insufficient to carry this defense to the jury.

The facts are these: Plaintiff was in the employ of the Duluth Edison Electric Company, as a "trouble man," that is, when on duty he went as soon as notified to any place on the system where the service which his employer was giving its patrons was interrupted to remedy or restore it. He had been in the employ many years. At the time in question his salary was $100 per month for certain stated hours of work each day, namely from 9 a. m. to 6 p. m. But he could be called, and was frequently called, to do extra night work. When so called he received one and one-half of the usual pay for the time spent on duty. The company furnished him with a Ford runabout to use in his work. This automobile, when not in use, was kept in a garage provided by the company. Plaintiff, when off duty, used this machine for his own purposes whenever he wished, without any objection being made by his employer. Defendant as well as plaintiff's employer are under the Workmen's Compensation Law. Before quitting time on July 10, 1916, plaintiff reminded his foreman that the employee whose turn it was to care for the "trouble" that night was ill and might not be able to come. Thereupon the foreman requested plaintiff to come back after supper and take the place of the ailing man. Plaintiff answered that he could not well

do this, for he had planned to go out with his wife that evening. The foreman insisted that he return or see that some other person take charge of the "troubles" that night. At 6 o'clock, the regular quitting time, plaintiff took the automobile to drive to his home for supper. He drove north on Second avenue east, and as he approached Second street an east-bound street car was receiving or discharging passengers at the intersection. This car started up about the time plaintiff entered the crossing, and he proceeded to cross Second street. At this moment a west-bound car approached rapidly. There is quite a down grade going west from Third avenue east to Second avenue east. The street car was beyond control of the motorman and struck the automobile, throwing plaintiff out and inflicting severe injuries. The question is, was plaintiff in the course of his employment at the time of the accident?

We think it clearly appears that he had completed his regular work, and had not entered upon the extra work which he was to perform that night. The burden was upon defendant to prove that plaintiff was performing work for his master at the time the accident happened. There was no evidence that he was to receive pay for the time occupied in going to and returning from his supper. The statute leaves little room for doubt or argument on the question before us, for it provides that the phrase "personal injuries arising out of and in the course of employment" shall be held "not to cover workmen except while engaged in, on or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen." Section 8230, subd. (i), G. S. 1913. The injury did not take place during the hours of plaintiff's service. He had completed the hours of his regular everyday service, and he had not begun the hours of his extra service. The time was then plaintiff's, used for his own purposes. The employer had no control over him until his return. Morier v. St. Paul, M. & M. Ry. Co. 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793; Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A. (N.S.) 598; Edwards v. Wingham A. I. Co. 6 B. W. C. C. 511.

The Wisconsin Workmen's Compensation Act [Wis. St. 1915], § 2394-3 provides: "Every employee going to and from his employment, in the ordinary and usual way, while on the premises of his employer, shall

be deemed to be performing service growing out of and incidental to his employment." The court, in Hornburg v. Morris, 163 Wis. 31, 157 N. W. 556, held that a fireman, while returning from his dinner, was not in the employ of the city so as to have a claim under the act for compensation for injuries suffered in an accidental collision on the way.

The authorities cited and relied on by appellant do not seem to be in point. In Wallin v. Eastern Ry. Co. 83 Minn. 149, 86 N. W. 76, 54 L.R.A. 481, the negligent act causing the injury occurred during the time of the employment, for such time included going to and returning from the place of work. So in Kuehmichel v. Western Union Tel. Co. 125 Minn. 74, 145 N. W. 788, the messenger who caused the injury began his service for the master when he started on his way to the office at the command of his superior. In Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565, the servant was engaged in his work in the proper place at the time of the accident. In re Sundine, 218 Mass. 1, 105 N. E. 433, L.R.A. 1916A, 318, the injury was received upon the premises of the employer. The same in effect was the case in Moore v. Manchester Lines, 3 B. W. C. C. 527, Zabriskie v. Erie R. Co. 86 N. J. Law, 266, 92 Atl. 385, L.R.A. 1916A, 315, and like cases, rightly hold that where the toilet facilities are so placed that employees must cross a public street in order to reach them from their place of work, they are within the protection of the compensation act while crossing the street for the purpose of going to the toilets.

2. The jury might well conclude that the noise of the Ford, in low gear, and the obstruction of the east-bound street car prevented plaintiff from hearing or seeing the west-bound car until too late to avoid the accident. The issue of contributory negligence was properly submitted to the jury, and their decision cannot be disturbed on this record. At the trial defendant conceded that its street car was not under control. And the evidence clearly established defendant's negligence.

3. The trial court's instruction to the jury, that plaintiff "had a right to rely upon the west-bound street car not being operated negligently and not rushing past the crossing without slowing up," should be considered with the next sentence in the charge, which is: "In the same connection, the street car men also had a right to assume that anyone approaching

the street railway tracks would also be in the exercise of ordinary care for his safety." The court had previously told the jury that "a man about to cross a street railway track has to exercise a degree of prudence for his own safety commensurate in some fair degree with the dangers which may reasonably be apprehended at that point. One may not blindly go upon a street railway track in the immediate face of an approaching car which he sees, or should have seen, and then claim that he is entitled to compensation for injuries which he may under such circumstances sustain." And also gave this instruction at the request of defendant: "You are instructed that it is, ordinarily, the duty of one driving an automobile when he approaches an intersection and is about to cross a street on which there are double tracks of a street railway company, to look and listen for the approach of cars in either direction. It is only under exceptional circumstances that the traveler is relieved of this duty, and he cannot in any case wholly omit the duty of looking and listening, simply because he hears none of the customary or required signals of the approach of the car."

These instructions, taken together, do not import that plaintiff could wholly rely upon the assumption that defendant would not be negligent. They are practically in line with Pogue v. Great Northern Ry. Co. 127 Minn. 79, 148 N. W. 889, and required plaintiff to use his senses diligently for his own safety if he were to escape the consequences of the contributory negligence rule.

4. The verdict, as reduced, seems large for the injury sustained. There is, however, evidence supporting the finding of permanent disability to pursue his vocation wherein he had been able to earn from $100 to $150 per month. The trial court had better opportunity to observe plaintiff's condition as to the impaired movements of the arm than we have, and we do not think the record warrants us in concluding that the damages awarded by the jury were so excessive as to necessitate a new trial or that the amount now fixed should be further reduced.

The order is affirmed.