## GILBERT E. ERICKSON v. ST. PAUL CITY RAILWAY COMPANY.

### THOMAS O'MALLEY v. SAME.[1]

November 29, 1918.

Nos. 21,038, 21,046.

**Workmen's Compensation Act — accident arising out of employment.**

1. Where a workman has completed his day's work and has left the premises where he was employed and is not then engaged in performing any service of his employment and meets with an accident, he is not within the Workmen's Compensation Law.

**Negligence — question for jury.**

2. There was sufficient evidence tending to show negligence on the part of defendant to make a question for the jury.

Two actions in the district court for Ramsey county to recover for personal injuries received when a motor truck upon which plaintiffs were riding collided with defendant's street car. The answer alleged negligence on the part of plaintiff. The cases were tried separately before Brill, J., who denied defendant's motions for directed verdicts, and a jury which returned a verdict of $300 in the Erickson case and a verdict of $2,500 in the O'Malley case. From orders denying its motions for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. D. Dwyer* and *C. D. O'Brien,* for appellant.
*P. J. McLaughlin,* for respondent.

TAYLOR, C.

Both these actions arose out of the same accident and rest upon the

[1]Reported in 169 N. W. 532.

same state of facts and present the same questions. They were tried separately in the district court, but were argued and submitted together in this court. In both cases the plaintiff recovered a verdict and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Our observations apply equally to both cases.

The questions presented are: (1) Whether the facts bring the cases within the Workmen's Compensation Law; and (2) whether the evidence is sufficient to sustain the finding of negligence on the part of defendant.

1. Defendant asserted in its answer that the cause of action came within and is governed by the Workmen's Compensation Law, and that a common law action for damages will not lie. By consent the parties tried this issue to the court as a preliminary proceeding before beginning the trial of the case proper, and the court ruled that the case was not within the compensation law. Defendant urges this ruling as error.

The plaintiffs were employees of the Northern States Power Company and members of a crew engaged in maintaining, altering and repairing its power lines in and near the city of St. Paul. The crew went whereever their services were needed and when they had completed the work at one point would proceed to another. The company provided an auto truck with a driver on which the tools and materials used by the crew were carried, and upon which the members of the crew rode when moving from one point on the line to another. The company did not convey the members of the crew to the place of work in the morning, nor return them to their homes at night. The truck was kept near the residence of its driver on Rice street and proceeded from there in the morning and returned there at night. Members of the crew going in the direction traveled by the truck were at liberty to ride on it if they wished, and availed themselves of this privilege whenever they found it convenient to do so. On the day of the accident they were at work on Prior avenue a short distance north of University avenue, and in order to complete the job had worked until nearly 10 o'clock in the evening, several hours later than the usual quitting time. The foreman then announced that the work was finished and directed the men to report at another location in the morning. Two of the men had departed previously; the others, including the plaintiffs, got on the truck which proceeded south along

Prior avenue to University avenue where it collided with one of defendant's street cars. The injuries for which plaintiffs seek to recover were sustained in this collision.

The Workmen's Compensation Law in section 8203, G. S. 1913, provides compensation for injuries, "arising out of and in the course of employment," and in subdivision (i) of section 8230, G. S. 1913, declares that this provision is "not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen."

It is clear from these provisions that workmen who have completed their day's work and have left the premises where they were employed and are not engaged in performing any service of their employment, are not covered by the compensation law, until they again enter upon the performance of the service for which they are employed. In the case at bar it will be noted that the accident happened after the employees had completed their day's work and had left their place of employment and while they were proceeding toward their respective homes. Although they were riding on the truck of their employer, it clearly appears that their contract of employment imposed no obligation upon the employer to transport them to or from the place of work, and that they were merely riding as licensees to serve their own convenience. Their service for the day had terminated, they had left the place where such service had been performed, and were no longer engaged in performing any service for their employer. Under such circumstances they were not within the provisions of the compensation law and the trial court ruled correctly. Otto v. Duluth St. Ry. Co. 138 Minn. 312, 164 N. W. 1020.

2. Prior avenue, extending in a northerly and southerly direction, crosses University avenue, extending in an easterly and westerly direction, at the foot of the easterly approach to the bridge over the railway tracks at the Minnesota transfer. Two street car tracks extend along University avenue over which interurban cars run at frequent intervals, westbound cars running on the north track and eastbound on the south track. University avenue is a wide street. Immediately north of the westbound track is a platform at which westbound cars receive and discharge passen-

gers. This platform is about 30 feet in length and the west end of it is about 75 feet east of the east line of Prior avenue. Between this platform and the north line of University avenue and north of the westbound interurban track, there is another street car track which extends west along University avenue to Prior avenue and then turns north along Prior avenue. A Hamline car was standing at or near the platform on this last mentioned track and a westbound interurban car stopped at the platform. The Hamline car started toward Prior avenue and a trifle later the interurban car started in the same direction along the adjoining track. As the Hamline car turned north on Prior avenue, the truck on which the plaintiffs were riding passed it going south and immediately afterward collided with the interurban car. The view between the driver of the truck and the motorman of the interurban car had been obstructed by a building and by the Hamline car until they were within a few feet of each other.

Defendant insists that the accident resulted solely from the negligence of the driver of the truck, and that there is no evidence which will warrant a finding of negligence in the operation of the street car. Defendant concedes that the negligence of the driver of the truck is not imputable to his passengers, and that the case turns upon whether the evidence justified the jury in finding that defendant was negligent in the operation of the street car.

Plaintiff asserts that defendant was negligent in failing to have the car under control and in operating it at an excessive and dangerous rate of speed without giving warning of its approach. The evidence is conflicting. The motorman testified that he sounded his gong continuously after leaving the platform until the collision; the occupants of the truck testified that no warning was given. Witnesses testified that the street car had attained a speed of no more than six or eight miles per hour and was stopped within three or four feet after the collision; other witnesses testified that the street car was running at the rate of 25 miles per hour and proceeded 25 or 30 feet after the collision before it stopped. Defendant argues forcibly that the distance from the platform where the car had stopped to the point of collision being not more than 125 feet and being upon an upgrade the car could not have attained any great speed. But a policeman who saw the collision measured the distance that

the street car shoved the truck along the track and testified that this distance was 25 feet. If this testimony is true, and the car pushed the truck sideways along the track and upgrade for that distance before the motorman was able to bring it to a stop it must have been running at a high speed to acquire such momentum. We think that the evidence made the question as to defendant's negligence a question for the jury.

Order affirmed in both cases.