## LILLIAN SIMONDS v. JAKE REIGEL AND ANOTHER.[1]

January 8, 1926.

No. 25,034.

**Death of teamster did not arise out of or in course of employment.**

Decedent was employed to work as a teamster in a gravel pit. He cared for the team near the pit which was 4 miles from his home. He worked for the owner of the team under arrangements made by the latter with the contractor removing gravel from the pit to the highway by motor trucks, some of which were owned by the drivers. His hours of work were from 5:30 A. M. to 10:30 A. M. and from 1 P. M. to 6 P. M. At the noon interval, with the silent acquiescence of the owner and driver of one of the trucks loaded with gravel, he climbed thereon and rode to a point near his home and in attempting to get off before the truck stopped, fell under the wheel, receiving fatal injuries. *Held* that the injury did not arise out of and in the course of employment.

Workmen's Compensation Acts, C. J. pp. 73 n. 76; 85 n. 64, 64 New.

See notes in L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907; 10 A. L. R. 169; 21 A. L. R. 1223; 24 A. L. R. 1233; 28 A. L. R. 1408; 29 A. L. R. 122; 36 A. L. R. 476; 28 R. C. L. p. 801; 4 R. C. L. Supp. 1857; 5 R. C. L. Supp. p. 1570.

Upon the relation of Lillian Simonds, dependent widow of Levi Simonds, deceased, the supreme court granted its writ of certiorari directed to the Industrial Commission to review its decision refusing to allow compensation in a proceeding under the Workmen's Compensation Act. Affirmed.

*R. A. McOuat*, for relator.

*Abbott, MacPherran, Dancer, Gilbert & Doan*, for respondents.

WILSON, C. J.

The Superway Construction Company was graveling part of State Highway No. 8. They procured gravel from a pit 4 miles west of

[1]Reported in 206 N. W. 717.

Deer river and caused it to be hauled in motor trucks for distribution. Jake Reigel owned a team and he employed Levi Simonds, a teamster, to take the team and work for the construction company for $6.50 per day. The pay was divided equally between Simonds and Reigel. Simonds cared for the team and used it in the pit under directions of the contractor's foreman. He lived at Deer River. He boarded at home. He could have boarded at the camp near or at the pit. His hours of work were from 5:30 a. m. to 10:30 a. m. and from 1 p. m. to 6 p. m.

On August 18, 1924, the several trucks used in the work were hauling gravel to a point east of Deer River. Simonds, with the silent acquiescence of the driver, climbed upon one of the trucks loaded with gravel and rode into Deer River to have his lunch at home. It happened that this particular driver owned his truck and was working for the contractor. In getting off the truck in Deer River Simonds did not wait for it to stop and he fell under the wheel, receiving fatal injuries.

The order of the Industrial Commission denying compensation is before us on certiorari.

"Personal injuries arising out of and in the course of employment" do not include injuries received by an employe while off and not about his employer's premises and on his way to or from the place of employment, unless the employer regularly furnishes transportation to his employes to or from the place of employment, etc. Section 4326(j), G. S. 1923; Nesbitt v. Twin City Forge Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165; Otto v. Duluth St. Ry. Co. 138 Minn. 312, 164 N. W. 1020; Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 169 N. W. 532.

From 10:30 to 1 o'clock the decedent's time was his own, except that he was to see to it that the team was fed and cared for. On the day in question, at his request, another man fed the team. At the time of the injury the employe was 4 miles from the place of his work where his presence was not required by his work. He did not suffer the injury during his hours of service but when the employer had no control over him. He had the same status as an

employe before reaching his place of employment in the morning or after leaving it in the evening. Many employes at lunch time go upon the streets and are exposed to hazards which are not incident to their employment, but are incident to being upon the street and are common to all who use the street. Here the employe left his place of employment by means of his own selection over which the employer had no control. The operation of the truck and the conduct of deceased resulting in death were also beyond the control of the employer. The accident simply had no connection with the employment. McInerney v. B. & S. R. Corp. 225 N. Y. 130, 121 N. E. 806; Reed v. B. & V. A. Lbr. Co. 225 Mich. 164, 196 N. W. 420; Hills v. Blair, 182 Mich. 20, 148 N. W. 243. The employer did not furnish the transportation used. We see no theory upon which the facts may support an allowance of compensation under the law. The injury did not arise out of and in the course of employment.

Affirmed.