# SOLVE SIMONSON v. J. C. KNIGHT AND ANOTHER.[1]

June 1, 1928.

No. 26,692.

**Working premises of a cook in a restaurant.**
1. The working premises of an employe subject to the workmen's compensation act may include the usual avenues of ingress to and egress from the place where his service is actually rendered. That rule applied to a cook in a restaurant who was injured on her way to work as she was approaching the rear door of the building, which was an entrance customarily used by employes, and while she was on the premises of her employer appurtenant to his restaurant.

**Statutory "hours of service" of workmen construed.**
2. The statutory limitation of compensable accidents found in G. S. 1923, § 4326(j), to those occurring "during the hours of service as such workmen" is not to be given a construction so restricted that it will make noncompensable an accident arising otherwise out of and in the course of the employment which occurs during a reasonably short period of ingress to the place where the service is actually rendered and on the premises of the employer immediately appurtenant thereto.

Workmen's Compensation Acts—C. J. p. 85 n. 62.

See note in L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907; 49 A. L. R. 426; 28 R. C. L. 804; 4 R. C. L. Supp. 1857; 5 R. C. L. Supp. 1570; 6 R. C. L. Supp. 1756; 7 R. C. L. Supp. 1006.

Certiorari to review an order of the industrial commission denying·compensation. Reversed.

*Weikert, Lohmann & Wilford,* for relator.

*Geo. A. & C. H. MacKenzie* and *H. A. Knobel,* for respondents.

STONE, J.

Certiorari to review an order of the industrial commission denying compensation to the relator as an employe of J. C. Knight, who, together with his insurer, the Midwest Mutual Insurance Company, are respondents.

[1]Reported in 219 N. W. 869.

Knight operates a restaurant in the city of Benson. In the fall of 1926 the relator was employed there as a cook. Her hours were somewhat irregular. Customarily she entered the restaurant through the back door. On the evening in question, while approaching that entrance for the purpose of going to work immediately in the kitchen of the restaurant, the relator fell into an open excavation and sustained the injury for which relief is sought. The excavation was made by the city of Benson in the course of installing electric light connections. It was on the vacant rear portion of the lot, the front portion of which was occupied by the restaurant of the respondent Knight. The referee held that the injury "occurred before the employe had reached the working premises of said employer, and, therefore, did not arise out of and during the course of said employment." That conclusion was sustained by the industrial commission.

1. We think error appears as a matter of law. Apparently it was the view of the referee that the "working premises" included in this case only the room, or at least the building, in which the employe labored. That, in our view, is too narrow a construction. We have already held that they include, in the building where the employe works, appliances and places not actually used by the employe in the strict course of his employment but as means of ingress (Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N. W. 290) and egress (Lienau v. N. W. Tel. Exch. Co. 151 Minn. 258, 186 N. W. 945). The opinion is correct that in a case of this kind, unless the employe is transported in a conveyance regularly furnished by the employer for the purpose of getting the employe to or from the place of employment [G. S. 1923, § 4326(j)], the injured employe must, in order to get compensation, have been on what is referred to as the "working premises." In many cases they may not extend outside the building in which the service is rendered. Doubtless there may be cases where they will not include all of that building. "It is settled that an injury to a workman may arise out of and in the course of his employment even if he is not actually working at the time of the injury." Stacy's Case, 225 Mass. 174, 176, 114 N. E. 206. The problem will vary with the circumstances

of each case. But where, as here, the cause of injury is found in a hazard to which in the main only employes are subject, and it is in the building where the employment goes on or on the premises of the employer immediately adjacent thereto, we think a case of compensation is made. The controlling idea is that the hazard is localized on and peculiar to the place of employment rather than detached therefrom and so generalized to the community at large. In such a case the risk is referable to the employment rather than anything outside and beyond it. So the working premises may include land belonging to or used by the employer, otherwise unoccupied but appurtenant to the building.

There is in this case the important circumstance that employes customarily entered and departed from the place of work through the back door and over the rear of the lot on which the restaurant was situated. That route of ingress and egress was an incident of their employment. Any hazards accompanying it may therefore be said, logically and justly, to characterize and be referable to the employment. Relator would not have reached her "working premises" if she had been on the street in front of the building or in the alley or street in the rear of it. But when off anything in the way of a public street or other way and on the premises of her employer, traversing a route over what may be termed the back yard of the building in which she was employed, she meets a hazard peculiar to that route, it ought not to be said, the broad reach of the compensation law considered, that she is not on the working premises.

2. Another phase of the argument leads us to consider the meaning of the phrase "during the hours of service" found in § 4326(j). The whole section is given over to definitions. Subd. (j) reads in part as follows:

"Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment.' It is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their

services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen."

It is argued for respondents that in no event did the injury to the relator take place during her hours of service. In a strict sense that is true, and compensation was properly denied if the statute means that injuries are compensable only when they take place during the hours for which the injured employe is paid or actually rendering service. We have already held in Lienau v. N. W. Tel. Exch. Co. 151 Minn. 258, 260, 186 N. W. 945, that the statute is not to be given any such restricted construction and that hours of service "include the period of reasonably prompt ingress and egress while still upon the immediate premises." That rule was in substance applied and confirmed in the Novack case and is decisive of this one. Many an industrial accident, arising from a cause peculiar to the employment, occurs just outside the time of actual labor and at a moment not within the period covered by the victim's wages; yet it arises out of and because of the employment. There could be no compensation in any such case should we narrowly limit "hours of service," as those words appear in § 4326(j), to the period when the employe is actually serving and for which he is being paid. To accomplish the purpose of the law it must be held that, for the purposes of compensation, a workman is within the hours of service when, having put aside his own independent purposes, he has entered the premises of his employer appurtenant to the place where his service is rendered for the purpose of beginning such service immediately or within a reasonable time and is approaching the place thereof by an avenue customarily used by employes.

Of the cases cited for respondents, Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, is, in its rationale, most closely in point. There the employe was on his way to work, but before reaching the place thereof was injured. The period for which he received wages had not begun nor had he reached anything that could be called his working premises, the place or anything appurtenant to the place where his service was rendered. So on its facts the case is easily distinguished from this one. The

qualifying phase of the statute concerning "premises" and "hours of service" was considered carefully and at length. The intention was found to be "to put a few limitations upon the expression 'personal injuries arising out of and in the course of employment.'" It remains to determine when the cases arise just what those limitations are. Plainly it was not the intention to make compensability depend strictly upon the accident's happening within the period for which wages are paid, else the reference would have been to the period covered by wages rather than that of service. The question being as to the meaning of hours of service, we are constrained to hold that they do not exclude accidents happening to employes after they have come upon the premises of their employer, closely adjacent or appurtenant to the place where their work is done and within a reasonable time for ingress or egress, as the case may be. During such periods and at such places employes have departed from the service of their own independent ends and in a very real sense are serving those of their employment. So, although their day of wages and actual work may not have commenced or may have ended, what is real service has begun or continues; and an accident happening at such time may be said to be in the hours of service.

Such cases are broadly distinguishable from those where a workman going to the place of his work has not yet reached the employer's premises or one who, having completed his day's work, has left those premises and is on his way home. Under no view can such cases be brought within the realm of compensability as bounded by statute. Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 169 N. W. 532; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694; Otto v. Duluth St. Ry. Co. 138 Minn. 312, 164 N. W. 1020. In Simonds v. Reigel, 165 Minn. 458, 460, 206 N. W. 717, the fatally injured employe was considered to have had the same status as though he had not reached "his place of employment in the morning" or had left it for the evening. In the instant case the injury occurred in a real and literal sense at the place of employment.

The order must be reversed with directions to award compensation and with an allowance to relator of $75 as an attorney's fee.

So ordered.