# EDWARD LUDWIG v. FARMERS SHIPPING ASSOCIATION AND ANOTHER.[1]

June 27, 1930.

No. 27,979.

George Hoke, B. Burness, W. J. Connolly and Nathan A. Cobb, for relators.

C. H. Schaefer and A. R. English, for respondent.

WILSON, C. J.

Certiorari to review an order of the industrial commission awarding compensation.

At Cottonwood the railroad runs north and south. The stockyards are east of the tracks. A passing or side track connects with the west side of the yards. Highway No. 17 adjoins and is parallel with the main line on the west. A side road from highway No. 17 serves the stockyards and crosses the main line and the side track and leads to the south end of the yards. This road is only 200 to 300 feet long. It is the only road to and from the yards.

[1] Reported in 231 N. W. 803.

Farmers Shipping Association maintains an office at the yards. Petitioner was employed by it on a commission basis. His employment required him to furnish an automobile which he used in the business. At about four o'clock in the afternoon he saw fit to go get a lunch. He got in his automobile temporarily to leave the premises and drove west toward highway No. 17. When he reached the main line tracks he was struck by a train from the north and injured.

The premises of the railroad tracks are near to the yards and on the short road which the employe necessarily used in going to and from the principal place of his work. This subjected him to a hazard peculiarly incident to his employment and inherent in the immediate premises in such a way substantially and practically as if he were on his employer's premises. Being required exclusively to travel this particular road made dangerous by its location, he was put in the position of one who had no choice in the selection of a route of travel. His employment in effect directed its use. For all practical purposes this short road was a part of his employer's premises. He was expected to and did use it as if it were such. He was consequently subjected to a degree of exposure greater than the public generally, who used it occasionally only. He was also in a different position than an ordinary workman in coming and going to and from his work, being exposed only to ordinary street risks. Simonson v. Knight, 174 Minn. 491, 219 N. W. 869; Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. ed. 366, 30 A. L. R. 532; Cudahy Packing Co. v. Industrial Comm. 60 Utah, 161, 207 P. 148, 28 A. L. R. 1394; Bountiful Brick Co. v. Industrial Comm. 68 Utah, 600, 251 P. 555; Judson Mfg. Co. v. Industrial Acc. Comm. 181 Cal. 300, 184 P. 1; Lumbermen's Reciprocal Assn. v. Behnken (Tex. Civ. App.) 226 S. W. 154; Novack v. Montgomery, Ward & Co. 158 Minn. 495, 198 N. W. 290; Favorite v. Kalamazoo State Hospital, 238 Mich. 566, 214 N. W. 229; Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428.

Affirmed.