# CATHRINE KELLEY v. THE NORTHWEST PAPER COMPANY. BEATRICE COATHUP v. SAME DEFENDANT.[1]

December 8, 1933.

Nos. 29,658, 29,659.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for relator.

*J. E. McKenna,* for respondents.

*STONE, Justice.*

Certiorari to the industrial commission to review orders granting compensation in two proceedings entitled as above which have been heard and decided here as one.

Both the deceased, John R. Kelley and Andrew Coathup, were killed at 11:24 p. m. on November 4, 1931. They were then in the employ of the Northwest Paper Company, relator, as members of the shift which commenced work at its mill at midnight. They were privileged to report and punch the time clock as early as 11:30. They were riding in Kelley's car and on their way to work on a

[1]Reported in 251 N. W. 274.

public highway. At the crossing of the latter over main line railroad tracks the automobile ran into a locomotive, with results fatal to both men. The land immediately adjoining the crossing was owned by relator but, at the time, leased to another industry. The railroad crossing was something over one-third of a mile from relator's mill, situated on the south bank of the St. Louis river at Cloquet. The highway was the main avenue of approach to the mill, not only for employes, but for the public. Neither man served relator outside the mill.

Compensation must be denied because of the plain mandate of the compensation law. We may assume, hypothetically, that the accident arose "out of and in the course of" the employment, under 1 Mason Minn. St. 1927, § 4261. But that general phrase is restricted explicitly by § 4326(j) so as

"not to cover workmen except while *engaged* in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen; provided, that where the employer regularly furnishes transportation to his employes to or from the place of employment, such employes shall be held to be subject to this act while being so transported."

The proviso came into the statute by L. 1923, c. 300, probably because of our decision in Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165. Its meaning, at least in application to the instant case, is well settled as far as it needs construction. Simonds v. Reigel, 165 Minn. 458, 206 N. W. 717; Jotich v. Village of Chisholm, 169 Minn. 428, 211 N. W. 579. In Rosvall v. City of Duluth, 177 Minn. 197, 199, 224 N. W. 840, 841, it was considered that if the employe had been using his own conveyance rather than one belonging to the employer "and the same accident resulted there would be no serious claim." Our decisions in Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 169 N. W. 532, and Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, were cited with approval and followed in Taylor v. Birmingham Elec. Co. 213 Ala. 282, 104 So. 527.

It is obvious that the unfortunate men were not so "engaged" at the time and place of the accident as to make it possible for us to save the case from the exclusionary language of the statute preventing coverage during transportation of employes to and from the place of employment except "where the employer regularly furnishes transportation." There is nothing in Ludwig v. Farmers Shipping Assn. 181 Minn. 90, 91, 231 N. W. 803, 804, to suggest other conclusion. There, "for all practical purposes," the place of the accident was "his employer's premises." The same feature was present in Simonson v. Knight, 174 Minn. 491, 495, 219 N. W. 869, where the employe granted compensation was considered to have reached her "working premises." The scene of the accident was not only thereon but "adjacent or appurtenant" to the building wherein she worked and which she was on the very point of entering for work. It was considered that her service had commenced, although the time for which she was to be paid was not to begin until a moment later. In this case the crossing of the public highway over the railroad tracks was in no wise and for no purpose adjacent or appurtenant to the mill wherein decedents were exclusively employed.

The decision in Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. ed. 366, 30 A. L. R. 532, does not touch the present case. The only issue was the constitutionality of the Utah workmen's compensation law, which covered accidents arising out of and in the course of employment generally, without restrictions such as are in our law and decisive here. The construction by the state court was binding on the Supreme Court. So construed, the law was held constitutional.

The deceased employes were not in the category of those whose very service requires them to travel in the course of their employment in such fashion that, for purposes of the compensation law, they may be considered as carrying their "working premises" with them while engaged in their employer's service. See Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428. Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N. W. 290, and Lienau v. N. W. Tel. Exch. Co. 151 Minn. 258, 186 N. W. 945, are equally

useless for present purposes because in each case the accident for which compensation was allowed was in the building where the injured employe was employed. He was actually on his working premises and within the hours of service within the rule of Simonson v. Knight, 174 Minn. 491, 219 N. W. 869.

The mandate of our statute is such that we cannot do otherwise than reverse the orders under review with directions to deny compensation.

So ordered.