**BIAGI et al. v. UNITED STATES.**

Nos. 29101, 29451.

United States District Court
N. D. California, S. D.

Oct. 15, 1953.

Rettig & Dunn, San Francisco, Cal., for plaintiffs.

Lloyd H. Burke, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff Biagi seeks to recover damages under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., for injuries suffered in an automobile collision, defendant being liable for the acts of a non-commissioned driver of the car allegedly responsible for the accident.

The United States challenges the jurisdiction of the Court under the Tort Claims Act. It asserts that plaintiff has already recovered under the Federal Employees' Compensation Act and is therefore barred from bringing the present action, 5 U.S.C.A. § 751 et seq., being plaintiff's exclusive remedy. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051.

In order to avoid the consequences of the Supreme Court's interpretation of the Federal Employees' Compensation Act, plaintiff contends that the injuries he sustained occurred outside of the course of his employment. He points out that he received his injuries during the five minute "coffee break" when he was off of his job at the Presidio. In reviewing the authorities, plaintiff concedes that there is a conflict insofar as state court decisions are concerned in interpreting the breadth of workmen's compensation acts.

In the light of the ruling of the Ninth Circuit in Johnson v. United States, 181 F.2d 577, 581, affirming this Court in a tort claims action occurring on the island of Guam there appears to be little doubt but that plaintiff suffered his injuries in the "scope of his employment." The very fact that plaintiff sought relief from the government under the Federal Employees' Compensation Act and received an award in accordance with the provisions of that legislation, is indicative of the fact that his employment and the time and place of the accident all combined to place him within the exclusive provisions of the Federal compensation laws.

It is ordered that the complaint herein be dismissed, with prejudice. Plaintiffs shall pay costs.