ELMA R. SWEET v. VICTOR D. KOLOSKY, d.b.a.
VICTOR'S MARKET, AND ANOTHER.

106 N. W. (2d) 908.

December 30, 1960—No. 38,075.

*McLeod & Gilmore,* for relators.
*Danforth, Howard & Allen,* for respondent.

KNUTSON, JUSTICE.

Certiorari to review a decision of the Industrial Commission awarding compensation to an injured employee.

The facts are not in dispute and may be briefly stated. Petitioner was employed by Victor's Market in Minneapolis. As part of the employment agreement petitioner was informed that she would be permitted to have a coffee break in the morning and in the afternoon. There were no facilities for obtaining coffee on the premises of employer. From 11 to 13 employees were employed, and they customarily traveled a distance of about 150 to 200 feet from the place of employment to a drugstore, where they obtained coffee or other refreshments. On the morning of January 29, 1959, petitioner, who was then 63 years of age, left the premises of the employer and, having taken four or five steps out on the public sidewalk, slipped and fell, sustaining injuries for which she now seeks compensation. Employee paid for her own coffee but was paid by employer for the time spent in obtaining it.

The Industrial Commission affirmed the finding of the referee that the injury arose out of and in the course of petitioner's employment and the decision awarding compensation. The only question here is whether, under the facts of this case, that finding can be sustained.

Relators rely for the most part on Callaghan v. Brown, 218 Minn. 440, 16 N. W. (2d) 317. In that case the employee was a fireman in -a building. None of his duties took him outside of the building. It was his habit, with the acquiescence of his employer, to go across the street for coffee when he chose to do so. The time which he spent in obtaining coffee was paid for by his employer, but there was no express or implied agreement on the part of the employer that he could take the time off. While crossing the street to obtain coffee he was struck by an automobile and killed. We held that he was not within the scope of his employment and denied compensation. The following language illustrates the reasons therefor (218 Minn. 441, 16 N. W. [2d] 318):

"* * * He was where he was solely in furtherance of his own personal desires and accommodation. There was no causal connection between his employment and the exposure to the risks which caused his death. He did not fall within any of the special exceptions which extend the coverage of the compensation law. He was not a traveler in the course of his employment, nor did he have any mission of the employer to fulfill in connection with his personal errand. The performance of his duties to his employer did not require him to go upon the street."

We must approach the question involved here in the light of Minn. St. 176.011, subd. 16, which reads in part:

" 'Personal injury' means injury arising out of and in the course of employment and includes personal injury caused by occupational disease; but does not cover an employee except while engaged in, on, or about the premises where his services require his presence as a part of such service at the time of the injury and during the hours of such service."

This section should be given the liberal interpretation accorded

workmen's compensation statutes. In Olson v. Trinity Lodge, 226 Minn. 141, 144, 32 N. W. (2d) 255, 257, we quote with approval the following statement from Caswell's Case, 305 Mass. 500, 502, 26 N. E. (2d) 328, 330:

"* * * An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects."

The authorities are not in harmony on the question before us.[1] We think that the better rule, at least where a coffee break is granted as a matter of right in the employment agreement, is that the employee does not leave the scope of her employment while exercising the right so granted, even though she may temporarily leave the premises of her employment. Merely leaving the employer's premises does not necessarily remove an employee from the scope of her employment. In Krause v. Swartwood, 174 Minn. 147, 150, 218 N. W. 555, 556, 57 A. L. R. 611, 613, we said:

"* * * It is not presence on the premises but continuation of the employment that is controlling in such cases."

No rational basis exists for distinguishing between an injury which occurs while an employee is going to or coming from a lunch counter maintained on the employer's premises and an injury which occurs

[1]For cases supporting the right to compensation, see Matter of Redfield v. Boulevard Gardens Housing Corp. 4 App. Div. (2d) 906, 167 N. Y. S. (2d) 59, appeal denied, 3 N. Y. (2d) 710, 146 N. E. (2d) 412; Krause v. Western Cas. & Surety Co. 3 Wis. (2d) 61, 87 N. W. (2d) 875; American Motors Corp. v. Industrial Comm. 1 Wis. (2d) 261, 83 N. W. (2d) 714; United States F. & G. Co. v. Croft, 93 Ga. App. 114, 91 S. E. (2d) 110; Matter of Caporale v. Dept. of Taxation, 2 App. Div. (2d) 91, 153 N. Y. S. (2d) 738, affirmed, 2 N. Y. (2d) 946, 142 N. E. (2d) 213; Matter of Bodensky v. Royaltone, Inc. 5 App. Div. (2d) 733, 168 N. Y. S. (2d) 908; Van Roy v. Industrial Comm. 5 Wis. (2d) 416, 92 N. W. (2d) 818; Biagi v. United States (N. D. Cal.) 115 F. Supp. 697; see, also, 1 Larson, Workmen's Compensation Law, §§ 15.52 and 21. Contra: See, City of Tulsa v. Morrison (Okl.) 312 P. (2d) 886; Scott v. Industrial Comm. (Ohio App.) 105 N. E. (2d) 881; Salmon v. Bagley Laundry Co. 344 Mich. 471, 74 N. W. (2d) 1.

while employee is exercising the same right but where it is necessary to leave the premises in order to reach facilities at which the right may be exercised. Coffee breaks and other rest periods have now become so common in employment contracts that it must be held, at least where the rights to such intervals are made a part of the employment agreement, that they are incidental to the employment and that, while exercising such rights, the employee remains within the scope of employment. Cases where the employee leaves the employer's premises on an errand solely for his own benefit and having no relationship to the employment or the rights or privileges granted under the employment agreement must be distinguished from those, such as the one before us, where a temporary departure from the employer's premises is necessary in order to exercise a right or privilege granted as part of the employment agreement.

Sommers v. Schuler Chocolates, Inc. 239 Minn. 180, 58 N. W. (2d) 194, is of little help here; in that case the employee had completed her day's work and the employment had ceased when she left the employer's premises. That is not true here. During all the time that employee was off the employer's premises she was exercising a right granted to her as part of her employment. We think that under these circumstances the commission was correct in awarding compensation.

Employee is allowed $250 attorneys' fees.

Affirmed.