LORETTA BRONSON v. JOYNER'S SILVER &
ELECTROPLATING, INC., AND ANOTHER.

127 N. W. (2d) 678.

April 10, 1964—No. 38,999.

2

*Bradford & Kennedy, Don E. Kennedy,* and *Charles R. Kennedy,* for relator.

*Scholle, Schweiger & Kalina* and *Leslie C. Scholle,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review a decision of the Industrial Commission wherein it determined that relator, Loretta Bronson, widow of Roger Bronson, was not entitled to compensation under the Workmen's Compensation Act for his death on December 19, 1960, in that it had not been due to an accident arising out of his employment by respondent employer, Joyner's Silver & Electroplating, Inc.

Bronson and four coemployees were killed at about 10:04 p. m. on that date when an automobile in which they were riding on 77th Avenue North in Brooklyn Park, driven by Bronson, was struck by a Great Northern Railway train traveling northerly as it crossed over 77th Avenue North.

All occupants of the automobile had been working on employer's night shift in its plant located some 1,000 feet northwest of the railroad crossing. This shift commenced at 5 p. m. each day and continued until 2:30 a. m. Employees thereon were authorized to suspend work from 10 p. m. to 10:30 p. m. each night for lunch. At their option they could eat on the premises or leave them to eat elsewhere. The employer exercised no supervision or control over them and they were not paid for their time during this interval.

To reach the railroad tracks from the plant, it is necessary to first drive south some 550 feet on Xylon Avenue, which extends north and south, and thence to turn east and drive some 470 feet on 77th Avenue North, which extends east and west. Highway No. 52, which extends northwest and southeast, is adjacent and parallel to the southeast line of the railroad tracks. There are a number of industrial plants and residential structures adjacent to both the northerly and southerly lines of 77th Avenue North in the vicinity of employer's plant.

On the fatal day all of the employees who met death in the accident had checked out at 10:01 p. m. for lunch. They had then traveled in Bronson's automobile south along Xylon Avenue to 77th Avenue North and thence east on 77th Avenue North to the railroad tracks where the accident occurred. They had intended to cross the tracks and thereafter turn northwest on Highway No. 52 for the purpose of driving to a lunchroom known as Joyner's Lanes some distance to the north on Highway No. 52. Joyner's Lanes is the only lunchroom in the vicinity of employer's plant.

In denying compensation, the Industrial Commission stated:

"The employer had no control of the employe during the luncheon period. The employes left the plant of their own volition, used transportation of their own choice, and chose the place where they intended to eat. The hazard was not created by the employment. * * *

* * * * *

"This unfortunate accident does not come within the exceptions to the 'on the premises' list of cases or to the so-called 'coffee-break' cases in which there is direct or implied permission of the employer to leave the premises for an adjacent, or nearly so, refreshment place."

In support of its decision the commission cited Simonds v. Reigel, 165 Minn. 458, 206 N. W. 717, and Kelley v. The Northwest Paper Co. 190 Minn. 291, 251 N. W. 274.

It is relator's contention that at the time of the accident Roger Bronson was within the protection of the Workmen's Compensation Act because the location of his place of employment was such that it was necessary for him to pass over the railroad tracks to reach such employment, to leave it to go to and return from the lunchroom, and to leave the plant at the end of his shift, so that he was daily exposed to a hazard so closely related and incidental to such employment that it should be regarded as an integral part thereof.

■ Under Minn. St. 176.011, subd. 16,[1] the Workmen's Compen-

---

[1]Minn. St. 176.011, subd. 16, provides in part: " 'Personal injury' means injury arising out of and in the course of employment and includes personal injury caused by occupational disease; but does not cover an em-

sation Act does not cover an employee except while engaged in, on, or about the premises where his services require his presence at the time of the injury. Accordingly, an accidental injury sustained by an employee while absent from his place of employment for a purpose not connected with such employment as, for example, his lunch, or while going to and from work, is not covered by the act. Youngberg v. The Donlin Co. 264 Minn. 421, 119 N. W. (2d) 746; Nehring v. Minnesota Min. & Mfg. Co. 193 Minn. 169, 258 N. W. 307; Helfrich v. Roth, 193 Minn. 107, 258 N. W. 26; Kelley v. The Northwest Paper Co. 190 Minn. 291, 251 N. W. 274; Nesbitt v. Twin City Forge & Foundry Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165; Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 169 N. W. 532.

■ This exclusionary rule has generally been applied where an employee on his way to or from work has been injured while crossing over railroad or streetcar tracks on a public highway. See, Annotation, 50 A. L. R. (2d) 385; Kelley v. The Northwest Paper Co. *supra*; Otto v. Duluth St. Ry. Co. 138 Minn. 312, 164 N. W. 1020.

Thus, in the Kelley case, where an employee was killed on a public highway at a railroad crossing about one-third of a mile from his place of employment, compensation was denied because (190 Minn. 293, 251 N. W. 275)—

"* * * the crossing of the public highway over the railroad tracks was in no wise * * * adjacent or appurtenant to the mill wherein decedents were exclusively employed."

In Otto v. Duluth St. Ry. Co. *supra,* the issue to be determined was whether plaintiff, injured by a street car on a public highway while on his way home from work, was in the course of his employment at the time. In holding that he was not, this court stated (138 Minn. 314, 164 N. W. 1020):

"* * * There was no evidence that he was to receive pay for the

ployee except while engaged in, on, or about the premises where his services require his presence as a part of such service at the time of the injury and during the hours of such service."

time occupied in going to and returning from his supper. * * * The employer had no control over him until his return."

In Sommers v. Schuler Chocolates, Inc. 239 Minn. 180, 58 N. W. (2d) 194, (which did not involve a railroad crossing accident) an employee injured on a public sidewalk after she had finished her day's work and was proceeding toward an adjacent parking lot for a ride was denied compensation because (239 Minn. 183, 58 N. W. [2d] 196)—

"* * *[a]fter she reached the public sidewalk in front of the building, she was in no way bound to follow a route incident or peculiar to her employment. The mere fact that the public sidewalk upon which she fell was adjacent to a vacant lot owned by her employer in no way affected her route * * *. Any public street or sidewalk used by an employee in leaving or arriving at his employment would as well be a part of the working premises as was the site of this accident, and manifestly such a construction is not possible under the statute."

■ Relator contends, however, that the facts here bring this case within a rule established in a number of other decisions, citing Johannsen v. Acton Const. Co. 264 Minn. 540, 119 N. W. (2d) 826; Sweet v. Kolosky, 259 Minn. 253, 106 N. W. (2d) 908; Nelson v. City of St. Paul, 249 Minn. 53, 81 N. W. (2d) 272; Olson v. Trinity Lodge, 226 Minn. 141, 32 N. W. (2d) 255; Oberg v. DuBeau, 202 Minn. 476, 279 N. W. 21; Ludwig v. Farmers Shipping Assn. 181 Minn. 90, 91, 231 N. W. 803. These appear to formulate a general rule to the effect that where an employee is injured on a roadway which is principally an avenue of ingress to or egress from his place of employment, and is so recognized by his employer, or otherwise constitutes a part of the place of employment, so that hazards encountered thereon are peculiar to the employment, compensation for injuries received thereon will be allowed. The fact situations in such cases are clearly distinguishable from those presented here.

Thus, in Johannsen v. Acton Const. Co. *supra,* an employee injured during his lunch hour while following his foreman over a roadway leading from his place of employment and which had been barricaded to the public and marked "Private Property. No Thoroughfare" was al-

lowed compensation because the recognized use of this roadway to and from the employment exposed him to a hazard causally connected therewith and peculiar thereto. There this court stated (264 Minn. 549, 119 N. W. [2d] 831):

"* * * This does not mean that the protection will continue when he has entered the avenues of travel where he is exposed to no work-connected hazard or any hazard greater than that to which all others not so employed are exposed."

In Sweet v. Kolosky, *supra,* where an employee was injured during working hours en route to a nearby drugstore where she was authorized by her employment agreement to take a "coffee break," there being no facilities therefor in the building where she worked, this court stated (259 Minn. 255, 106 N. W. [2d] 910):

"* * * Merely leaving the employer's premises does not necessarily remove an employee from the scope of her employment,"

and distinguished the fact situation from that presented in Sommers v. Schuler Chocolates, Inc. *supra.*

In Nelson v. City of St. Paul, *supra,* where a schoolteacher, walking on a sidewalk adjacent to a school playground at which she was about to supervise school children at play, was injured by a ball batted from within the playground, it was held that she was then at a time and place within the range of hazards peculiarly associated with her employment.

In Olson v. Trinity Lodge, *supra,* where an employee was injured after he had arrived at that part of the employer's premises where he was required to work in keeping the sidewalks sanded, it was held (226 Minn. 145, 32 N. W. [2d] 258):

"* * * The statutory 'hours of service' * * * include the period required for the reasonably prompt egress and ingress of the workman while still upon the immediate premises."

In Oberg v. DuBeau, 202 Minn. 476, 479, 279 N. W. 221, 223, the employer required the employee to travel on a highway between two different work areas so that "[c]rossing the railroad tracks [over such

highway] was a necessary incident of his employment and exposed him to dangers peculiar to the employment not shared by the public generally who used the road only occasionally."

In Ludwig v. Farmers Shipping Assn. 181 Minn. 90, 91, 231 N. W. 803, the road upon which an employee was injured was some 200 to 300 feet in length and was the only road which led from a main highway to the place of employment. We held that his employment required him to use it and so "subjected him to a hazard peculiarly incident to his employment and inherent in the immediate premises * * * substantially and practically as if he were on his employer's premises."

The foregoing analysis makes it clear that none of the cited cases would support relator's position on this appeal. The facts here are more in line with those in Sommers v. Schuler Chocolates, Inc. *supra*, and Kelley v. The Northwest Paper Co. *supra*, where compensation was denied. If it is desirable to extend the coverage of the Workmen's Compensation Act to employees on public highways crossing railroad tracks on their way to or from work and exposed only to the same hazards as is the public generally on such highways, this would be a matter for the legislature, rather than the courts, and obviously an amendment to § 176.011, subd. 16, would be necessary.

Affirmed.