Daniel **HALSTEAD**, Jr., Appellant,

v.

**JOHNSON'S TEXACO, Employer, the Travelers Insurance Companies, Insurer, and Iowa Industrial Commission, Appellees.**

**No. 60540.**

Supreme Court of Iowa.

April 19, 1978.

Williams, Hart, Lavorato & Kirtley by Louis A. Lavorato, Lawrence L. Marcucci and David S. Wiggins, West Des Moines, for appellant.

Ahlers, Cooney, Dorweiler, Haynie & Smith by Paul F. Ahlers, H. Richard Smith and Terry L. Monson, Des Moines, for appellees Johnson and Travelers.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

UHLENHOPP, Justice.

The issue in this appeal is whether the injuries of claimant Daniel Halstead, Jr. arose out of and in the course of his employment for his employer, Johnson's Texaco, within § 85.61(6), Code 1977:

> The words *"personal injury arising out of and in the course of the employment"* shall include injuries to employees whose

services are being performed on, in, or about the premises which are occupied, used, or controlled by the employer, and also injuries to those who are engaged elsewhere in places where their employer's business requires their presence and subjects them to dangers incident, to the business.

See *Lindahl v. L. O. Boggs Co.*, 236 Iowa 296, 18 N.W.2d 607. The arbitrator, the Iowa Industrial Commissioner, and the district court held it did not. Claimant asserts that it did, and appeals.

The parties agree on the facts. Claimant worked as a "heavy mechanic" for the employer at 3121 Forest Avenue, Des Moines, Iowa. His normal working hours were 7:30 a. m. to 6:00 p. m. certain weekdays and 7:30 a. m. to 10:00 p. m. the other weekdays. His normal lunch hour was 11:30 a. m. to 12:30 p. m. He did not get paid for this hour and was on his own to go where he wished and do what he desired. The precise time of the lunch period, however, was not inflexible. Depending on business in the station it might be shortened, changed, or even eliminated on some days. On some occasions claimant picked up parts during his lunch hour.

On May 9, 1974, claimant's lunch hour was of the normal variety. He left work at 11:30 a. m. and went home for lunch at 1117 22nd Street in Des Moines. About 12:20 p. m., on his way back to work, he was involved in a car-motorcycle collision at the intersection of 30th Street and Forest Avenue, and sustained injuries. During this lunch hour he was not to perform any duties for his employer and was unpaid.

Claimant's contentions essentially are two: (1) Iowa should adopt an additional exception to the "coming and going" rule, as he claims some states have done in the so-called "coffee break," "rest break," and similar situations, and (2) the facts of this case bring it within such an exception.

■ I. In furtherance of the humanitarian objective of the workers' compensation statute, we apply that statute broadly and liberally. *Alm v. Morris Barick Cattle Co.*, 240 Iowa 1174, 38 N.W.2d 161. Nonetheless we are bound by the requirements of the statute and enforce those requirements in accordance with the facts.

■ When a worker has a place and hours of work, ordinarily he is not considered to be acting within his employment while he is on his way to his place of employment or is returning to his home or going elsewhere after work. This is the going and coming rule. *Bulman v. Sanitary Farm Dairies,* 247 Iowa 488, 73 N.W.2d 27. The same rule ordinarily applies when the employee has a place and hours of work, his hours of work do not include his meal period, and he leaves his place of employment to go to and return from his meal elsewhere. The author states the principle thus in 1 Larson, Workmen's Compensation, p. 4–62:

[W]hen the employee has a definite place and time of work, and the time of work does not include the lunch hour, the trip away and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day, and should be governed by the same rules and exceptions. The basic rule, then, is that the journey to and from meals on the premises of the employer is in the course of employment. Conversely, when the employee with fixed time and place of work has left the premises for lunch, he is outside of the course of his employment if he falls, is struck by an automobile crossing the street, or is otherwise injured.

The author continues at p. 4–76:

The going and coming rule has so far been treated as substantially identical whether the trip involves the lunch period or the beginning and end of the work day. This can be justified because normally the duration of the lunch period when lunch is taken off the premises is so substantial and the employee's freedom of movement so complete that the obligations and controls of employment can justifiably be said to be in suspension during the interval.

See *Bulman v. Sanitary Farm Dairies,* supra, 247 Iowa 488, 73 N.W.2d 27; *Otto v. Independent School Dist. of Madrid,* 237 Iowa 991, 23 N.W.2d 915.

Professor Larson also points out various exceptions to the going and coming rule as applied to lunch periods. 1 Larson, Workmen's Compensation Law, §§ 15.52–16.00. We have a few illustrative Iowa decisions. *Kyle v. Greene High School,* 208 Iowa 1037, 226 N.W. 71 (special service exception, janitor called back after hours); *Walker v. Speeder Machinery Corp.,* 213 Iowa 1134, 240 N.W. 725 (employee on expense-paid trip which was itself part of the employment—see Larson, § 16.00); *Pohler v. T. W. Snow Const. Co.,* 239 Iowa 1018, 33 N.W.2d 416 (trip to town to arrange for next day's equipment); *Pribyl v. Standard Electric Co.,* 246 Iowa 333, 67 N.W.2d 438 (work at distance, contract for reimbursement for transportation); *Crees v. Sheldahl Tel. Co.,* 258 Iowa 292, 139 N.W.2d 190. *Cf. Sachleben v. Gjellefald Const. Co.,* 228 Iowa 152, 290 N.W. 48.

Claimant asks us to recognize an exception which some courts have applied to coffee breaks, rest breaks, and similar periods on company time. Some of these cases are *Pacheco v. Orchids of Hawaii,* 54 Haw. 66, 502 P.2d 1399 (injury during coffee break of kind now commonly provided by employers, compensable); *Sweet v. Kolosky,* 259 Minn. 253, 106 N.W.2d 908 (same)—but see *Bronson v. Joyner's Silver & Electroplating, Inc.,* 268 Minn. 1, 127 N.W.2d 678 (driving from work to lunch, not compensable); *Hornyak v. Great Atlantic & Pacific Tea Co.,* 63 N.J. 99, 305 A.2d 65 (returning from lunch, compensable under facts); *Bollard v. Engel,* 254 App.Div. 162, 4 N.Y.S.2d 363, aff'd 278 N.Y. 463, 17 N.E.2d 130 (same)—but see *Layton v. Spear & Co.,* 261 App.Div. 856, 24 N.Y. S.2d 793, aff'd 287 N.Y. 610, 39 N.E.2d 259 (salesman returning to work after lunch, not compensable); *Bodensky v. Royaltone, Inc.,* 5 A.D.2d 733, 168 N.Y.S.2d 908 (coffee break, compensable); *Desautel v. North Dakota Workmen's Comp. Bur.,* 72 N.D. 35, 4 N.W.2d 581 (returning from lunch, compensable under facts); *Jordan v. Western Electric Co.,* 1 Or.App. 441, 463 P.2d 598

(coffee break taken off premise, compensable). The following decisions reach the opposite result in the absence of facts showing the activity was on company time: *California Cas. Indem. Exch. v. Industrial Accident Comm'n,* 190 Cal. 433, 213 P. 257 (return to work from off-premises lunch break); *Indemnity Ins. Co. of N. A. v. Westmoreland,* 93 Ga.App. 888, 93 S.E.2d 193 (return from lunch at boarding house); *Texas Employers' Ins. Ass'n v. Smith,* 75 S.W.2d 732 (Tex. Civ.App.), aff'd, 129 Tex. 573, 105 S.W.2d 192 (off-premises lunch break).

■ II. The difficulty with claimant's request that we recognize another exception and place this case within it is the absence here of the necessary exceptional circumstances. The general rule is that off-premises meals on the employee's time are not compensable, and the employee must show additional facts to bring himself within an exception. Here claimant showed no such facts. With commendable candor he stated that on the day in question he had the regular lunch period, he did not get paid for it, he took it off-premises, and he performed no duties for the employer. To apply a claimed exception to these unexceptional facts would wipe out the rule itself.

We thus have no occasion to say and we do not say whether Iowa recognizes an exception in the so-called off-premises coffee break and lunch break situations where the employee proves circumstances which he claims show the break was actually on company time.

■ III. Claimant argues that although this was a normal lunch hour (except for the collision), on some other occasions he took his hour at a different time or for less time or not at all, or picked up parts for the employer. We are dealing however with this time and these facts. This court met the same question under § 85.61(6) of the 1946 Code in *Otto v. Independent School Dist. of Madrid,* supra, 237 Iowa 991, 997–998, 23 N.W.2d 915, 918:

Appellant's contention seems based on the proposition that if a workman's em-

ployment is such that he *may* be required to perform occasional special services which *includes* travel to and from the employer's premises, his regular trips are therefore a part of, and in the course of, his employment. We cannot sustain this contention. An employee who is paid a fixed salary not based on the number of working hours and who may be called on at any time for special service, but whose regular employment has a definite situs, is not necessarily "in the course of his employment" at all times.

Such an employee, when going to or returning from his *regular* work, is in exactly the same legal position as the day laborer who figuratively or literally punches a time clock. Whether either is to be held to be "in the course of his employment" must be left to future legislative definition. We cannot read it into the present statute.

Section 85.61(6) remains the same in the present Code.

We thus uphold the district court's judgment affirming the commissioner's decision.

AFFIRMED.