The AGRICULTURAL INSURANCE COMPANY, Appellant,

v.

Henry Harold DRYDEN, Appellee.

No. 6756.

Court of Civil Appeals of Texas.

Beaumont.

March 18, 1965.

Rehearing Denied April 7, 1965.

**456**

Orgain, Bell & Tucker, Beaumont, for appellant.

W. E. Dryden, W. E. Townsley, Beaumont, for appellee.

PARKER, Justice.

This is a workmen's compensation suit tried before a jury in the district court of Orange County, Texas. Judgment was entered upon the jury verdict in favor of the plaintiff, Henry Harold Dryden, against The Agricultural Insurance Company. Henry Harold Dryden will be referred to as appellee. The Agricultural Insurance Company will be referred to as appellant.

Under the facts, appellant contends as a matter of law that appellee was not acting in the course and scope of his employment and in the furtherance of his employer's business as defined by the Compensation Act at the time that he sustained the injuries made the basis of this suit. It also questions the sufficiency of the evidence to sustain the jury's finding to the contrary. Furthermore, it asserts error of the trial court in submitting in the definition of "course of employment" the following:

"Provided an injury is sustained in the course of employment where an employee sustains an injury while go-ing to or returning from his place of employment or his place of residence, he either undertakes a special mission at the direction of the employer or performs a service in the furtherance of his employer's business with the express or implied approval of his employer."

This is discussed hereinafter.

In answer to special issues the jury found that appellee sustained an accidental injury on or about July 17, 1962, while in the course of his employment with Allen Fontenot, his employer. Other findings by the jury are not attacked by appellant in this proceeding. It is only the finding by the jury that the plaintiff sustained the injury in the course of his employment that appellant contends is without support in the evidence or the evidence is insufficient to support same.

The following statutory law applicable to injuries sustained by an employee while on public streets and highways, which law was included in the court's charge, together with a statement of the substance of the evidence will be determinative of appellant's contentions:

Article 8309, Sec. 1, Vernon's Ann.Civ. St., provides that the term " 'injury sustained in the course of employment' shall * * * include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

Section 1b of said Article was enacted by the legislature in 1957 and reads as follows:

"Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer,

or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

There is evidence as follows: On July 17, 1962, appellee was employed by Allen Fontenot as foreman (pusher) of a carpenter crew doing residential construction in Jefferson County, Texas. On the day before, this crew had completed construction work on a jobsite west of Beaumont. About 5:15 a. m. on the day of the accident, July 17, 1962, appellee left his home near Evadale, Texas, in his 1962 Corvair to go to the new jobsite in Nederland, Texas. In the front end of the Corvair he carried tools from the old jobsite belonging to his employer weighing some 180 to 200 pounds to be used on the new job that day at Nederland, Texas. As foreman of the crew, he stored these tools and delivered them to the jobsite. He left home so as to arrive at the place of work 15 or 20 minutes before work time for the crew in order that the tools could be removed from the Corvair and available for use by the carpenters when their time of work commenced. Such responsibility and duty required appellee to leave home earlier than he would have for the sole purpose of carrying him-

self to the jobsite. Appellee had supervisory authority and was required to carry his employer's power tools back and forth in his car, for which combined duties he was paid an extra 25¢ an hour by his employer. He was working for his employer on the trip. There was no place to store the tools on the prior jobsite or on the new jobsite.

The car was owned by appellee. The employer furnished no transportation, paid no expenses other than that part in the extra wages, nor did the employer give any instructions as to what route plaintiff should use in returning to and from work. Appellee was going on the shortest path from his home to the new jobsite when the accident occurred. Union rules required all men to be on the job early enough so that working equipment and tools could be obtained and available for starting to work when ordinary work time began. En route to the jobsite at Nederland with his employer's tools, appellee's Corvair turned over when appellee suddenly swerved his car to avoid hitting a dog which had run out into the highway in front of him. The shifting of his employer's tools in the Corvair was a producing cause of the accident. Appellee was taken from the wreckage and moved by ambulance to the Baptist Hospital in Beaumont where he was hospitalized with a broken back. At that time, appellee's employer had four jobs with four different crews, each of which had a foreman, which made it impossible for appellee's employer to care for his own tools and deliver same to the various jobsites each morning. In transporting his employer's tools, appellee necessarily had to have a vehicle adequate to store and transport his employer's tools and equipment. If appellee had refused or failed to deliver the tools as directed by his employer, the other carpenters on the job would have had nothing with which to work and appellee would have been fired. Appellee testified that he did not store and deliver the tools as a favor, that such duty was a part of his work and responsibility as foreman and

part of the extra compensation paid him was for taking care of and delivering the employer's tools to the jobsite.

Viewing the evidence and the reasonable inferences to be drawn therefrom most favorably in support of the jury's findings, we are of the opinion that there is evidence of probative force in the record that appellee's trip at the time of his accident was in the furtherance of appellant's business, in the performance of duties imposed by his contract of employment and in the course of his employment.

True, appellee was traveling in furtherance of his private affairs, but in his duties as a foreman he was also charged with the duty of delivering the tools to the jobsite, private affairs to the contrary notwithstanding. Transportation for appellee was not furnished as a part of the contract of employment but transportation of the tools was paid for by the employer and this work was assigned by the employer to appellee, for which appellee was paid. While appellee was transporting and delivering his employer's tools to his employer's jobsite, appellee was already working although he was on his way to where he was to do other work for his employer. From the fact that the employer's tools were to be at the new jobsite on that day, available for use by all employees, the jury was justified in concluding that having such tools at the new jobsite was reasonably essential to work on the new jobsite so that the employer's work would proceed and the travel by the appellee was in furtherance of his employer's business.

■ Now, would the trip not have been made had there been no affairs of appellant to be furthered? Again, we are of the opinion that the jury could have reasonably concluded that it would not have. The nature of appellant's work depended greatly upon the use of the tools in appellee's custody. They were power tools, such as carpenters ordinarily use on a job. On that day the duties and useful employment of appellee and his co-workers depended on delivery and use of the tools. The jury could have very reasonably concluded that appellee would not have made a useless trip to the jobsite and left the tools at his home. The evidence compels the conclusion that but for the delivery of the tools the trip would have been an empty and futile gesture. The jury heard the evidence and saw the witnesses as they testified, including appellee. From his testimony they could infer and conclude that appellee, as foreman charged with delivering tools to the jobsite, would not elect to stay at home and fail to deliver these tools to the jobsite even though there had been no personal or private affairs of appellee to be furthered by said trip and, further, that "said trip would not have been made had there been no affairs or business of his employer to be furthered by said trip." From the evidence, the jury was justified in finding appellee was injured in the course of his employment.

Appellant's points of error contending that the trial court erred in overruling defendant's motion for instructed verdict and that there was no evidence supporting an affirmative finding of the jury that appellee sustained his injury in the course of his employment are overruled.

Considering all the evidence, such findings of the jury are not so against the great weight and preponderance of the evidence as to be manifestly unjust or clearly wrong. Appellant's point of error urging that there was insufficient evidence to support the jury's finding that appellee was injured while in the course of his employment is overruled.

We return to the appellant's points of error urging that the trial court erred in submitting as part of the definition of "course of employment" the exception first set out herein. Such points of error are: (1) that such definition was not in conformity with the statutory definition and (2) that the same was redundant and not applicable in the case at bar.

■ From the evidence, the jury was justified in finding from the evidence that appellee did undertake a special mission at the direction of his employer and was performing a service in the furtherance of his employer's business with the express or implied approval of his employer—namely, carrying tools required for work on the job.

■ The charge of the trial court contained all of Art. 8309, sec. 1b, "Transportation or travel as basis for claim for injury", added Acts 1957, 55th Leg., p. 1186, ch. 397, sec. 3, followed by the above quoted part of the definition of "course of employment" approved in Jecker v. Western Alliance Ins. Co., 369 S.W.2d 776 (S.Ct. 1963), holding that there was no intention on the part of the legislature to abolish such exception above expressed to the general rule that an injury occurring in the use of the public highways in going to and from the place of employment is non-compensable. Other pertinent opinions construing Sections 1 and 1b are found in the cases of Jecker v. Western Alliance Ins. Co., supra, and the same case on remand reported in 371 S.W.2d 904; American General Ins. Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370 (S.Ct.1957); Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (S.Ct.1963); and Janak v. Texas Employers' Ins. Ass'n, 381 S.W.2d 176 (S.Ct. 1964).

Appellant's points of error complaining of the definition contained in the court's charge setting forth the above quoted exception to the general rule that an injury occurring in the use of the public highways going to and from the place of employment as being noncompensable was approved in Jecker v. Western Alliance Ins. Co., supra, is applicable in this case, and such points of error are overruled.

Judgment of the trial court is affirmed.

STEPHENSON, Justice.

I respectfully dissent. There is no evidence that appellee would not have made the trip from his home to the place where he was to work if he had not had the tools in his car. I think the evidence established as a matter of law that appellee would have made the same trip, along the same route regardless of the presence of the tools in his car. Further, this is not a case of "deviation" as in the Janak Case, supra. The additional 25¢ per hour appellee was paid was not for time spent driving from home to work, but began only after appellee arrived at work.