**Naomi T. GOLAY, Appellee,**

v.

**KEISTER LUMBER COMPANY, Inc., Employer, and Iowa National Mutual Insurance Company, Insurance Carrier, Appellants.**

**No. 53724.**

Supreme Court of Iowa.

March 10, 1970.

Davis, Huebner, Johnson & Burt, Des Moines, for appellants.

Wunshel & Schectman, Carroll, for appellee.

STUART, Justice.

This appeal involves a proceeding in arbitration under the Iowa Workmen's Compensation Act. In the arbitration hearing, the deputy industrial commissioner awarded claimant death benefits as a result of her husband's death in a truck-train collision. The industrial commissioner affirmed the award on a Petition for Review. The award was also affirmed on appeal to the district court. The employer has now appealed to this court.

The sole issue is whether claimant's decedent was in the course of employment at the time of the accident. "In the course of employment" has been defined as "within the period of the employment, at a place where the employee reasonably may be in the performance of his duties * * * or engaged in doing something incidental thereto". Bulman v. Sanitary Farm Dairies, 247 Iowa 488, 491, 492, 73 N.W.2d 27, 28 (1955). It relates to the time, place and circumstances of the accident. Buehner v. Hauptly, Iowa, 161 N.W.2d 170, 171 (1968).

Appellant claims the evidence shows deceased was on his way to work and was therefore not in the course of his employment. Bulman v. Sanitary Farm Dairies, supra, 247 Iowa at 491, 73 N.W.2d at 29; Pribyl v. Standard Elec. Co., 246 Iowa 333, 339, 67 N.W.2d 438, 442 (1954); Otto v. Independent School District, 237 Iowa 991, 994, 23 N.W.2d 915, 916 (1946); Kyle v. Greene High School, 208 Iowa 1037, 1040, 226 N.W. 71, 72 (1929).

Appellee claims her decedent was on a special errand for his employer at the time of his death and under the same authorities was in the course of his employment. Bulman v. Sanitary Farm Dairies, supra, 247 Iowa at 494, 73 N.W.2d at 30; Pribyl v. Standard Elec. Co., supra; Otto v. Independent School District, supra; Kyle v. Greene High School, supra.

There is support in the record for the following statement of the facts.

Claimant's decedent lived on a farm 6 miles south of Coon Rapids and had been employed as a carpenter by the Keister Lumber Company in Coon Rapids for approximately 10 years. He was considered a foreman and at the time of his death, was in charge of two crews, one working at the Merlin Seivers' farm located 10 miles south of Coon Rapids, which is a little south and west of the Golay farm and the other at Thorp, a business in Coon Rapids, which was located north and beyond the Keister Lumber Company.

Golay had irregular working hours and kept his own time slips. He never did punch a clock. The charges for his time were made according to his records. His employer was very lenient and if he wanted to start earlier in the morning or work later at night, he could. He made the decisions on the job as to what should be done and ordered the necessary materials from the yard and had them delivered, or picked up the small items and hauled them to the site in the company wagon or his pickup. Golay drove his own pickup or automobile directly to the job sites on occasions. He used his own vehicle going to and from job sites and to town to the office. The employer encouraged direct travel to the job sites, particularly when Golay's farm was between the job and town.

The day before the accident Golay and a co-worker, Kinman, were working at the Seivers' farm laying cement block. He had also worked at this farm in 1965. Seivers testified on that occasion Golay ordered the materials whenever he needed them and brought the small supplies out in his own vehicle. All the materials were furnished by Keister Lumber.

Golay told Seivers the night before the accident he would need more paint to paint the back of the cement block wall in order to finish the job the next day. When Seivers asked Golay if he was going to come back and lay block the next day, Golay said that he would be right over to finish the job. He also said he first had to go to town and get his men started at Thorp's and that he would stop down and get a few items that he needed. The back wall paint was one. Kinman was going to meet him at the lumber yard and ride to the Seivers' farm with him.

On September 1, 1967, Golay left his house at approximately 7:15 a. m. and was then driving his own pickup. The Keister Lumber Company is adjacent to the railroad tracks and has buildings on both sides of the tracks. When Golay started to cross the track, his pickup collided with a train and he was killed.

In his Review Decision, the commissioner stated: "From his statement the day before his death, the employee on September 1, was going to perform a special service for the employer and circumstantial evidence justifies the findings that he was doing this. *Going after necessary materials amounts to the performance of a business service of sufficient dimensions to bring the injury within the course of the employment.* If the employee had not performed the services apparently it would have been necessary for the employer to dispatch someone with the materials to the Seivers' job site."

■ We must separate the findings of fact which are binding on us if the evidence is in dispute or if reasonable minds might differ on inferences fairly to be drawn therefrom, Snook v. Herrmann, Iowa, 161 N.W.2d 185, 191 (1968) and citations, from conclusions of law which are not. Pribyl v. Standard Elec. Co., 246 Iowa 333, 337, 67 N.W.2d 438, 441 (1954). With the exception of the underlined sentence, the quoted portion of the Review Decision contains findings of fact supported by the evidence. In the underlined sentence, the commissioner has applied a rule of law to the facts making it a conclusion of law. Pribyl v. Standard Elec. Co., supra. We do not however disagree with his conclusion.

■ The workmen's compensation statutes are to be given a broad and liberal

construction to comply with the spirit as well as the letter of the law. Crowe v. De-Soto Consolidated School District, 246 Iowa 402, 411, 68 N.W.2d 63, 68 (1955).

If the trip to town had been for the sole purpose of picking up materials to be used on the job on Seivers' farm, there would have been no question but what it would have been a special mission. Does it become less because another employee was going to ride to the Seivers' job with him and he was going to start another crew working while in town? We do not believe so.

"When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that * * * the urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself." 1 Larson, Law of Workmen's Compensation 253–254, § 16.10 (1965).

"Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey. This principle applies to * * *, trips to and from work * * *." 1 Larson, The Law of Workmen's Compensation, 294.3, § 18.00 (1965).

This principle was first formulated by Judge Cardozo in Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 183 (1929). It has been followed substantially in many jurisdictions. Brooks v. Wage, 242 Ark. 486, 414 S.W.2d 100, 102–103 (1967); Downs v. Durbin, 416 S.W.2d 242, 246 (1967 Mo.App.); Corp v. Joplin Cement Co., 337 S.W.2d 252, 255 (1960, Mo.); Gingell v. Walters, 303 S.W.2d 683, 688 (1957, Mo.

App.); Brown v. Arapahoe Drilling Co., 70 N.M. 99, 370 P.2d 816, 817–818 (1962); Armstrong v. Liles Construction Company, 215 Tenn. 678, 389 S.W.2d 261, 264–265 (1965); Agricultural Insurance Co. v. Dryden, 388 S.W.2d 455, 457–458, (1965, Tex. Civ.App.); Standard Oil Co. v. Smith, 56 Wyo. 537, 111 P.2d 132, 135 (1941).

We have found no Iowa cases which have stated the dual purpose rule, but the following language from Pribyl v. Standard Elec. Co., supra, at 340, 442, 67 N.W.2d at 442, indicates approval.

"When an employee has other duties to perform besides those of his regular employment, and such other incidental duties often occur when in pursuit of the master's, not the employee's, business, an injury then suffered must be said to have occurred during the course of his employment even though the employee may not yet be at the employer's premises or have commenced his regular work."

The industrial commissioner found that it would have been necessary for the employer to dispatch someone with the materials to the Seivers' job site if claimant's decedent had not intended to pick them up. This finding of fact brings this case within the dual purpose rule where the trip combines a non-compensable purpose with a special errand for the employer of sufficient substance to be viewed as an integral part of the service.

The following language from Corp v. Joplin Cement Company, 337 S.W.2d 252, 257 (1960, Mo.), is particularly appropriate here.

"The building material involved was not trifling or insignificant, but substantial and, according to the testimony, necessary for the completion of the Winfield project. If perchance his pay check had been picked up by a fellow worker or friend and delivered to his house, Corp would still have had to make the trip to the company plant. If Corp had not agreed to carry the material or had failed to do so, it would have had

to be sent by some other employee or by a carrier for hire. The task assigned to Corp by his employer necessitated the trip to and from the company plant and, under the dual purpose doctrine, it is not a valid objection that the employee was concurrently serving a purpose of his own."

For the reasons stated, the trial court is affirmed.

Affirmed.

All Justices concur except UHLEN-HOPP, J., who takes no part.