Linda A. DORMAN, Spouse of Wilbur W. Dorman, deceased, and Mary B. Rogers, Spouse of Raymond E. Rogers, deceased, Petitioners-Appellees,

v.

CARROLL COUNTY, Maryland Casualty Company and Iowa Industrial Commissioner, Respondents-Appellants.

No. 2–66171.

Court of Appeals of Iowa.

Dec. 30, 1981.

Maurice B. Nieland of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for respondents-appellants.

Darwin Bunger of Kurth & Bunger, Carroll, for petitioner-appellee Linda Dorman.

Ronald H. Schechtman, Carroll, for petitioner-appellee Mary B. Rogers.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

OXBERGER, Chief Judge.

The respondents appeal from a district court ruling which reversed the agency denial of worker's compensation benefits. We affirm.

This case arose out of an automobile collision which killed two deputy sheriffs of Carroll County, Wilbur Dorman and Raymond Rogers. Earlier in the evening, the deputies had been working at Carroll county community celebrations as special policemen. Although not on "active duty," they were on "auxiliary duty" while working as special police. During the night, deputy Rogers assisted in making an OMVUI arrest. Deputy Dorman also arrested an individual and assisted in transporting him to the Carroll County Jail, and assisted in processing another OMVUI suspect.

After leaving the Carroll County Courthouse at approximately 3:45 a. m., the deputies met the other special police who had been working that night at Marvin Hulsing's farm. The purpose of the meeting was to discuss problems they had encountered during the evening, and how to prevent them in the future. The deputies consumed some beer at the meeting. Prior to leaving the courthouse, Dorman and Rogers informed Deputy Stout, the only member of the sheriff's department on active duty at the time, where they were going, and said they would be available to help if needed. Stout told them he would be going out of the county to take a blood sample to Denison. On his way to Denison, Stout drove by the farm and honked and waived to the deputies. There was no one else on active duty in the county at that time.

Just prior to 4:40 a. m., the group decided to go to Country Kitchen to have breakfast. Deputy Dorman rode with deputy Rogers, who was going to drive Dorman home. The Country Kitchen is on a direct route from the Hulsing farm to Deputy Dorman's home. The collision occurred on the way to the Country Kitchen. Both deputies were killed.

Accident reconstruction engineers estimated the deputy's vehicle was traveling between 70 and 85 miles per hour at the time of impact. Deputy Rogers, the driver of the car, had a blood alcohol level of .0815 percent, and Deputy Dorman had a blood alcohol level of .104 percent.

The widows of the deputies applied for worker's compensation benefits, which were denied by the deputy industrial commissioner. The deputy's decision was affirmed by the Iowa Industrial Commissioner. The trial court reversed and held the claimants were entitled to benefits. The county and the insurance company appeal.

The appellants assert that the trial court erred by failing to remand the case to the industrial commissioner because the deputy commissioner failed to make any specific fact findings or legal findings. Although we agree with the trial court that the deputy's style of writing made judicial review difficult, the judge was not required to remand the case. See Hawk v. Jim Hawk Chevrolet-Buick, Inc., 282 N.W.2d 84, 87 (Iowa 1979).

The appellants argue that the trial court erred because it (1) reversed the agency action on a basis not urged by the claimants; (2) reversed when the agency's fact findings were supported by substantial evidence; (3) reversed when the agency had not erroneously applied the law; (4) awarded compensation when the injuries did not

"arise out of" the employment, nor were they "in the course of" the employment; and (5) applied the coming and going rule and its exceptions to the case.

At the outset, we note that the findings of fact by the industrial commissioner are binding on the courts, but application of rules of law by the commissioner may be examined by the court. *McDowell v. Town of Clarksville*, 241 N.W.2d 904 (Iowa 1976). We find no merit in the first two contentions of the appellants.

The trial court was correct in reversing the decision of the industrial commissioner. The deputies were within the scope of their employment while they performed the special police work on the night of their deaths. Although the county could not afford to pay for off-duty deputies to be at the celebrations, the county received the benefit of law enforcement services rendered by the deputies. The celebrations were potentially explosive situations, and therefore the sheriff needed someone to be there to control the crowds. The county was responsible for law enforcement within its boundaries. Both deputies assisted in making arrests and in bringing the arrested persons to the Carroll County Courthouse. While not on "active" duty and not specifically required to perform the special police duties, the sheriff considered the men to be on "auxiliary" duty, and Rogers felt he had to perform the services to keep his job. When the deputies left the courthouse and went to the Hulsing farm, they did not abandon their employment. The purpose of the meeting was to discuss law enforcement problems encountered during the evening and attempt to find ways to avoid such problems at future celebrations. In addition, the deputies told the only active duty deputy in the county that they would be available to assist him if needed. They knew he would be leaving the county for a period of time. In fact, shortly before their deaths, he did leave the county, and he let the deputies know he was doing so by honking and waiving. The deputies were always on call in the sense that if they observed any violations, they were to immediately respond. At the meeting at the farm, a police radio was on at all times.

When the deputies left the farm to go to the Country Kitchen for breakfast, they were still covered under the worker's compensation law. Although sheriffs and policemen are not covered any time they are within their territory just because they are on twenty-four hour call, *Hansen v. State*, 249 Iowa 1147, 91 N.W.2d 555 (1958), they are not in the same position as ordinary employees going to and coming home from work. *Warg v. City of Miami Springs*, 249 So.2d 3 (Fla.1971). The deputies in this case were on their way home from law enforcement duty. Therefore, they were within the coverage of the worker's compensation act. Larson, 1 Workmen's Compensation Law § 16.12 at 4–150. The fact that they were going to make a stop at the Country Kitchen for breakfast did not remove them from coverage. The Country Kitchen was on the direct route from the Hulsing farm to Dorman's home. Therefore, under both the dual-purpose trip doctrine (*See* Larson, 1 Workmen's Compensation Law § 18), and the personal comfort doctrine (*See* Larson, *id.* at § 21), the deputies were covered. *See also* Larson, *id.* at § 19.21.

The appellants argue that the fact that the deputies were speeding and had been drinking removed them from coverage. In *Hawk v. Jim Hawk Chevrolet-Buick*, 282 N.W.2d 84 (Iowa 1979), the court held that commission of an unusual and rash act by an employee does not bar him from recovery of worker's compensation benefits. In addition, not every violation of a statute or rule amounts to a departure from the course of employment. *Pohler v. T. W. Snow Const. Co.*, 239 Iowa 1018, 33 N.W.2d 416, 422 (1948). The facts show that the deaths arose out of the employment, and the deputies were in the course of their employment when they were killed. The agency erroneously applied the law to the facts of the case, and we therefore affirm the trial court.

AFFIRMED.