# IN THE COURT OF APPEALS OF IOWA

No. 14-1385
Filed October 14, 2015

CANDACE H. SEAMAN, Deceased,
By PAUL J. SEAMAN, Her Husband,
Individually and as Administrator of
The Estate of CANDACE H. SEAMAN,
        Petitioner-Appellant,

vs.

BURGESS HEALTH CENTER and
FARM BUREAU MUTUAL INSURANCE
COMPANY,
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.


        Petitioner appeals from ruling on petition for judicial review affirming the
denial of workers' compensation benefits.  **AFFIRMED.**


        Sarah K. Kleber and Joel D. Vos of Heidman Law Firm, L.L.P., Sioux City,
for appellant.

        Paul S. Swinton of Parker & McNeill, P.L.L.C., West Des Moines, for
appellees.


        Heard by Potterfield, P.J., McDonald, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, Judge.**

Candace Seaman was employed by Burgess Health Center as a mental health therapist/social worker. By all accounts, she was a good and dedicated employee. Her work consisted of treating clients at her office in Burgess's facilities and preparing reports of the same. On January 25, 2010, Mrs. Seaman was injured in a multiple vehicle car accident during the drive from her home in Sioux City to her workplace in Onawa. She died as a result of injuries sustained during the accident. Her spouse, individually and on behalf of her estate, sought workers' compensation burial expense and death benefits. The agency found Mrs. Seaman's death did not arise out of and in the course of her employment and denied the claim. The district court affirmed the agency's decision.

I.

Chapter 17A of the Iowa Code governs our review of workers' compensation cases. *See* Iowa Code chapter 17A (2013); *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). "On appeal, we apply the standards of chapter 17A to determine whether we reach the same conclusions as the district court. If we reach the same conclusions, we affirm; otherwise we may reverse." *Mike Brooks, Inc.*, 843 N.W.2d at 889.

"In determining the proper standard of review, we must first identify the nature of the claimed basis for reversal of the Commissioner's decision." *Lakeside Casino v. Blue*, 743 N.W.2d 169, 173 (Iowa 2007). Whether the employee's injury arose out of her employment is a mixed question of law and fact. *See id.* "The factual aspect of this decision requires the Commissioner to

determine 'the operative events that [gave] rise to the injury.'" *Id.* (quoting *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218 (Iowa 2006)). "Once the facts are determined, a legal question remains: 'Whether the facts, as determined, support a conclusion that the injury arose out of . . . the employment,' under our workers' compensation statute." *Id.* (quoting *Meyer*, 710 N.W.2d at 218) (citations omitted).

Our court is bound by the factual determinations of the commissioner "if they are supported by substantial evidence in the record before the court when the record is viewed as a whole." *Mike Brooks, Inc.*, 843 N.W.2d at 889 (citations omitted). Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). "On appeal, our task 'is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *Mike Brooks, Inc.*, 843 N.W.2d at 889 (quoting *Cedar Rapids Cmty. Sch. Dist.*, 807 N.W.2d at 845).

Our review of the agency's legal determinations is variable. The legislature has not clearly vested the interpretation of workers' compensation statutes in the discretion of the agency. *See Lakeside Casino*, 743 N.W.2d at

173. We thus afford no deference to the agency's interpretation of law, and we are free to substitute our own legal judgment. *See id.* "On the other hand, application of the workers' compensation law to the facts as found by the Commissioner is clearly vested in the Commissioner. Therefore, we may reverse the Commissioner's application of the law to the facts only if it is irrational, illogical, or wholly unjustifiable." *Id.* (citation omitted).

## II.

It is the claimant's burden to prove the injury or death arose out of and in the course of employment. *See* Iowa Code § 85.61(7); *Waterhouse Water Conditioning Inc. v. Waterhouse*, 561 N.W.2d 55, 57 (Iowa 1997); *Great Rivers Med. Ctr. v. Vickers*, 753 N.W.2d 570, 574 (Iowa Ct. App. 2008). We liberally construe the statutory text to comply with the spirit and the letter of the law, which is to provide compensation to covered employees for covered injuries. *See Farmers Elevator Co., Kingsley v. Manning*, 286 N.W.2d 174, 177 (Iowa 1979); *Golay v. Keister Lumber Co.*, 175 N.W.2d 385, 387-88 (Iowa 1970) ("The workmen's compensation statutes are to be given a broad and liberal construction to comply with the spirit as well as the letter of the law."). "An injury in the course of employment embraces all injuries received while employed in furthering the employer's business and injuries received on the employer's premises . . . ." *Farmers Elevator Co., Kingsley*, 286 N.W.2d at 177 (quoting *Bushing v. Iowa Ry. & Light Co.*, 226 N.W. 719, 723 (Iowa 1929)). There must be a causal connection between the injury and the course of employment as "[it]

relates to the time, place and circumstances of the accident." *Golay*, 175 N.W.2d at 387; *see Waterhouse Water Conditioning, Inc.*, 561 N.W.2d at 57.

Typically, an employee's work commences when she arrives at her workplace; the employee is engaged in her own business while traveling to work. *See Pribyl v. Standard Elec. Co.*, 67 N.W.2d 438, 442 (Iowa 1954). Thus, under the going-and-coming rule, "absent special circumstances, injuries occurring off the employer's premises while the employee is on the way to or from work are not compensable." *Quaker Oats Co. v. Ciha*, 552 N.W.2d 143, 150 (Iowa 1996) (quotation omitted). The rule is "well established." *Great Rivers Med. Ctr.*, 753 N.W.2d at 574. There are several exceptions to the going-and-coming rule that "extend the employer's premises under certain circumstances." *Quaker Oats Co.*, 552 N.W.2d at 151. These exceptions apply "when it would be unduly restrictive to limit coverage of compensation statutes to the physical perimeters of the employer's premises.'" *Id.* (quotation omitted). The claimant contends several exceptions apply here.

The claimant first contends Mrs. Seaman was performing a special errand for Burgess at the time of her car accident. The special errand exception applies when an employee is injured away from the employer's premises during a special errand or mission for their employer. *See, e.g.*, *id.* at 151-53 (holding the special errand exception applied when an "on-call" employee was paged to come to the plant and was in an accident on his way home); *Kyle v. Greene High Sch.*, 226 N.W. 71, 72-73 (Iowa 1929) (finding special errand existed when janitor drove to school to help the principal turn on the gym lights); *but see Bulman v. Sanitary*

*Farm Dairies*, 73 N.W.2d 27, 28-30 (holding relief truck driver was not on a "special mission" when driving home from performing another person's route and after drinking); *Great Rivers Med. Ctr.*, 753 N.W.2d at 572, 575-77 (finding no special mission when nurse was expected to show up for work and was killed on her way home after being released from work for illness). The relevant inquiry is "whose business was [the employee] pursuing at the time of the injury?" *Quaker Oats Co.*, 552 N.W.2d at 151-52 (alteration in original) (quoting *Pribyl*, 67 N.W.2d at 442).

The claimant also contends the dual purpose exception applies to Mrs. Seaman's accident. The dual purpose exception applies when an employee is injured off the employer's premises while making a trip that serves both personal and business purposes. *See Golay*, 175 N.W.2d at 388 (affirming workers' compensation benefits for employee who was on a trip which combined a special errand of "sufficient substance" for his employer and a non-compensable purpose); *Dorman v. Carroll Cnty.*, 316 N.W.2d 423, 424-25 (Iowa Ct. App. 1981) (finding dual purpose doctrine applied when two deputy sheriffs on auxiliary duty were killed, while driving under the influence to breakfast from their law enforcement duty). "'Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey.'" *Golay*, 175 N.W.2d at 388 (quoting 1 Larson, *The Law of Workmens' Compensation*, 294.3, § 18.00 (1965)).

The claimant argues the special errand or dual purpose of Mrs. Seaman's travel to work on the morning of her accident was the need to deliver her completed patient reports to Burgess. In support of the contention, the claimant argues the reports were time-sensitive and Mrs. Seaman would be subject to discipline if she failed to deliver the reports. There is no evidence in this record supporting the contention. The agency found "there [was] no factual basis in this record to find that claimant was on a special errand at the time of her accident and death on Interstate 29 while driving from her home to her place of employment." The agency found there was not a dual purpose for Mrs. Seaman's travel. The agency found the reports were not due that day. The evidence showed Mrs. Seaman would not have suffered any adverse consequences if she failed to deliver the reports to her employer that day. The claimant admits the employer did not require Mrs. Seaman to report to work that day. The agency's findings are supported by substantial evidence and its conclusions are not irrational, illogical, or wholly unjustifiable. *See Lakeside Casino*, 743 N.W.2d at 173.

The claimant contends a third exception to the going and coming rule is applicable here: the second business situs exception. The exception recognizes that some travel to and from an employee's home to the workplace may arise in the course of employment where the employee's home serves a secondary office. *See* Emmanuel S. Tipon, Annotation, *Right to Workers' Compensation for Injury Suffered by Worker En Route to or from Worker's Home Where Home is Claimed as "Work Situs,"* 15 A.L.R. 6th 633 (2006). The agency recognized the

exception in *Waterhouse v. Waterhouse Water Conditioning, Inc.*, No. 1039817, 1995 WL 17018379, at *5 (Iowa Workers' Comp. Comm'n Feb. 23, 1995). However, the Iowa Supreme Court did not reach the issue when the *Waterhouse* case was on appellate review. *See Waterhouse Water Conditioning, Inc.*, 561 N.W.2d at 60. Iowa courts have thus not explicitly adopted the exception. The exception has been adopted in twenty-two states and the District of Columbia by legislative action or judicial decision. *See generally*, Tipon, 15 A.L.R. 6th 633. For example, in *Kahn v. State*, 289 N.W.2d 737, 739-40 (Minn. 1980), the Minnesota Supreme Court awarded workers' compensation benefits to an assistant nursing professor who was traveling from work to her home to prepare for her proposal presentation for a research grant. *Kahn*, 289 N.W.2d at 739-43. The professor regularly worked at home on the grant because she was six months pregnant. *Id.* at 739. The court concluded the professor's home was a work situs by the following criteria:

> "When reliance is placed upon the status of the home as a place of employment generally, instead of or in addition to the existence of a specific work assignment at the end of the particular homeward trip, three principal indicia may be looked for: the quantity and regularity of work performed at home; the continuing presence of work equipment at home; and special circumstances of the particular employment that make it necessary and not merely personally convenient to work at home."

*Id.* at 743 (quoting 1 A. Larson, *Workmen's Compensation Law*, § 18.32 (1978)).

The commissioner found Mrs. Seaman's home was not a second work site and concluded the second business situs exception was not applicable here. Mrs. Seaman did some work at home in the evenings to complete her reports. Her employer did have a telephonic dictation system, which would allow Mrs.

Seaman to dictate her notes from anywhere, including her office at Burgess or at her home. The record is clear, however, that Mrs. Seaman's home was not a dedicated office space or secondary office space. Mrs. Seaman never saw clients at her home. Further, Burgess never specifically directed her to work from home. The employer did not expect her to work from home and did not provide compensation for her work at home. The employer did not pay mileage or other expenses associated with Mrs. Seaman's commute. Burgess did not provide her with any equipment for her home. The agency concluded: "Catching up on occasional work at home or completing tasks at home that could be completed at the employer's premises is an insufficient basis to find that claimant had dual employment premises." The agency's findings are supported by substantial evidence and its conclusions are not irrational, illogical, or wholly unjustifiable. *See Lakeside Casino*, 743 N.W.2d at 173.

III.

Applying the standards of chapter 17A, we reach the same conclusions as the district court. For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**